IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CAMI ADAMS,

    Plaintiff,

v.                                                                   CASE NO. 1:10-cv-0067-SPM -GRJ

CAVALARY PORTFOLIO SERVICES
LLC and WAGNER &HUNT, P.A.,

    Defendants.

_____/

## O R D E R

Pending before the Court is Plaintiff's Motion To Compel Outstanding Discovery. (Doc. 25.) Defendants have filed a Response (Doc. 29) and therefore this matter is ripe for review.

In this Fair Debt Collection Practices Act and Florida Consumer Collection Practices Act case, Plaintiffs served interrogatories and a request for production upon Defendants on June 3, 2010. Response were due in early July 2010. Defendants failed to serve any responses and accordingly Plaintiff's counsel contacted the Defendants on July 30, 2010 to demand responses to the outstanding discovery. Plaintiff's counsel made several unsuccessful attempts to schedule a conference with counsel for Defendants. Finally, on August 16, 2010 Defendants' counsel agreed to provide responses to the discovery within ten days. No responses were filed with the agreed upon ten day period and therefore on September 3, 2010 Plaintiff was forced to file the instant motion to compel. In her motion to compel Plaintiff requests the Court to enter

an order compelling Defendants to provide responses to the outstanding discovery requests and for the Court to award any further relief deemed appropriate.

Defendants filed a one page response to the motion to compel advising that the discovery responses were provided to Plaintiff on September 7, 2010. No explanation was provided for the delay other than "inadvertence." Defendants conclude by suggesting that the motion is moot because responses have been filed.

An award of attorney's fees is mandated by Rule 37(a)(5)(A)[1] where a party, as here, has failed to respond to discovery thus necessitating the filing of a motion to compel. While Plaintiff has not expressly requested an award of fees, Plaintiff has requested that the Court award any further relief deemed appropriate. Accordingly, because the discovery was provided only after the Plaintiff was required to file a motion to compel, an award of fees incurred in preparing the motion to compel may be appropriate.

Accordingly, to the extent that Plaintiff wants to request reimbursement for the reasonable attorney's fees incurred in preparing and filing the motion to compel, Plaintiff shall file within **ten (10) days** of this order a motion requesting fees with an appropriate affidavit of the attorney time incurred and the billing rate of the attorney(s) performing the services. In the event Plaintiff files a motion for fees, Defendants shall have **ten (10) days** after service of Plaintiff's motion to file a response to the amount

---

[1] See Fed. R. Civ. P. 37(a)(5)(A) ("If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court ***must***, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees . . . ") (emphasis added).

*Case No: 1:10-cv-00187-MP -GRJ*

requested. In the event the Plaintiff does not file a motion within ten days the Court will assume the Plaintiff has elected not to request an award of fees.

Accordingly, it is **ORDERED:**

1. Plaintiff's Motion To Compel Outstanding Discovery is **GRANTED**. To the extent that Defendants have not already done so, Defendants shall forthwith provide full and complete responses to Plaintiff's interrogatories and requests for production.

2. Plaintiff shall have until **October 4, 2010**, to file a motion for an award of fees incurred in preparing and filing the motion to compel. Defendants shall file a response within ten days.

**DONE AND ORDERED** this 23rd day of September, 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge